## TIGER v. JEWELL et al.

No. 11811—Opinion Filed May 29, 1923.

(Syllabus.)

**1. Indians—Lands—Removal of Restrictions—Full-Bloods.**

Section 9 of the act of Congress approved May 27, 1908, entitled "An Act to remove restrictions from part of the lands of the Five Civilized Tribes and for other purposes", removed the restrictions from land inherited by full-bloods, subject only to the approval of any conveyance thereof by fullblood heirs by the county court having jurisdiction of the settlement of the estate of the deceased allottee.

**2. Same — Validity of Deed — Delayed Approval.**

Marchie Tiger, a full-blood Creek Indian citizen, owned certain lands by inheritance. In November and December, 1912, he made deeds thereto to R. J. Gillan and N. B. Gillan, and on March 12, 1913, filed petition in the county court having jurisdiction to approve said deeds. No action was then taken, but on September 8, 1913, the said deeds were approved. In the meantime, and on April 2, 1913, a guardian of Marchie Tiger, as an incompetent, was appointed. Held, the approval of September 8, 1913, related back to the date of the conveyances and validated them.

**3. Same—Affirmance of Judgment.**

Record examined, and judgment of district court is affirmed.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action by Marchie Tiger, an incompetent, by his guardian, Thomas Tiger, against Sallie Jewell et al. to recover land. Judgment for defendants, and plaintiff brings error. Affirmed.

Robert W. Thomas and Frank A. Thomas, for plaintiff in error.

Chas. F. Runyan and E. A. Summers, for defendants in error.

BRANSON, J. This appeal is prosecuted to reverse a judgment and decree of the district court of Wagoner county, Okla., quieting the title of the defendants on their cross-petition, against the plaintiff, who sued for the lands in question. Marchie Tiger, an enrolled full-blood Indian citizen of the Creek Nation, inherited f o u r separate 160-acre tracts, which embrace all of the lands in litgation herein. On the 27th of July, 1908, Marchie Tiger executed an instrument to James A. Harris which on its face purported to vest in the said James A. Harris the title to said property, to be held in trust by him for a period of five years from said last-

named date, for the purpose of conserving and protecting, renting, and collecting the rents arising therefrom, paying out the same to the said Tiger, and to the benefit of his family, and for the purpose of filing legal proceedings to remove alleged clouds from the title of the said Marchie Tiger to said lands.

Said deed specifically provided:

"Should it become necessary for the protection of said estate or in case it should be deemed by said trustee to be to the best interest of first party (Marchie Tiger) that portions of said land be sold at any time during the life of this trust, then and in such cases, said second party (James A. Harris) is authorized and empowered to make such sales as he may deem necessary and proper, and to execute all proper conveyances therefor. * * *"

On the date of said deed, the said Marchie Tiger signed and caused to be filed in the county court of Wagoner county, Okla., that being the court having jurisdiction of the settlement of the estate of the deceased allottees of said land, a petition which recited that the petitioner was inexperienced in the management of property, and that he had theretofore clouded the title to his said property, and that he desired the clouds to be removed therefrom and the title cleared and perfected for himself, and for that purpose imposed special confidence in the grantee in said deed of trust, and therefore prayed the court to enter an order approving said deed, "as provided by section 9 of the act of Congress approved May 27, 1908." The said county court on the same date entered an order, reciting that the petition came on for hearing, and that the petitioner was present in court requesting the approval of said deed, and that it was to the best interest of the said Marchie Tiger that the same be approved, and "It is hereby ordered, adjudged and decreed by the court that the said deed be, and the same is hereby approved."

The said grantee and trustee, Harris, took charge of all of said lands, and by suit and otherwise secured the removal therefrom of the clouds on the title of the said Marchie Tiger, collected the rents, and disbursed the same, for the benefit of the said Marchie Tiger, none of which is complained of in this suit. The said deed to the said Harris was made at the instance of the attorney for the Creek Nation, of which the said Marchie Tiger was a member, and also with the sanction and approval of the representative of the Department of the Interior having general supervision in the interest of full-bloods and their lands, by virtue of the various acts of Congress touching the same, and particularly the act of May 27, 1908, entitled, "An act for the removal of restrictions, etc., from part of the lands of the allottees of the Five Civilized Tribes", etc.

On the 30th day of November, 1912, Marchie Tiger executed a deed to a part of the land to Robert J. Gillam, and on the 18th day of December, 1912, executed a deed to N. B. Gillam for the remainder. On the 12th day of March, 1913, both the said deeds were presented to the county court of Wagoner county, together with petition signed by said Marchie Tiger, for approval. Objecton was made by a representative of the Department of the Interior to the approval thereof, for the reason that the consideration was deemed by said representative to be insufficient. And later, to wit, on the 8th day of September, 1913, another hearing was had on the petition presented to the county court to approve said deeds, the consideration therefor being raised to the sum of $8,400, which was found by appraisement to be reasonable, and approved by the representative of the Interior Department.

On the 2nd of April, 1912, the county court of Wagoner county entered an order appointing a guardian for Marchie Tiger, as an incompetent, in the person of one Conny Murphy. On the 7th day of July, 1913, and within the 5-year period from the date of the trust deed, the said James A. Harris executed, a conveyance, as trustee, to J. Robert Gillam. This deed was approved by the Interior Department and by the county court of Wagoner county, Okla., on the 8th day of September, 1913, the consideration being the same $8,400 going to Marchie Tiger. The deed made by Marchie Tiger to Harris and the deed of Harris to J. Robert Gillam were each approved by the Secretary of the Interior. Later the said Conny Murphy resigned as guardian of the said Marchie Tiger, and one Thomas Tiger was appointed guardian, and this suit was instituted.

The plaintiff, among other things, alleged that the said trust deed executed by Marchie Tiger, and the order approving the same were secured by fraud upon the county court, and—

"The said Marchie Tiger was and is without power to create or establish a trust in this restricted land, and that at the time of the execution of said trust deed, the said Marchie Tiger was a mental incompetent, not mentally capable of managing and conserving his said estate, and that the creation of said trust was not necessary, nor to his best interest, and that the approval thereof was in excess of the jurisdiction of the

county-court; and that the deeds executed on the 30th of November and the 18th of December to the Gilliams, should be set aside, as having been procured by fraud," etc.

The trial court found the issues in favor of the defendants and entered a judgment quieting the title of the respective defendants to that portion of the land each owned. The parties appear in this court as they appeared in the court below. They will therefore be referred to as the plaintiff, Marchie Tiger, and the defendants, the landowners.

The alleged error of the trial court assigned by the plaintiff, in general terms, is that the district court erred in rendering judgment in favor of the defendants, for the reason that the judgment was and is contrary to law and evidence.

Upon this assignment, counsel for plaintiff make two contentions: First, that on the 27th of July, 1908, the action of the county court of Wagoner county on the petition of Marchie Tiger to approve the trust deed was in legal effect the appointment of James A. Harris as guardian of the estate of the said Marchie Tiger, as an incompetent; and, second, that at the time of the approval of the conveyances from Marchie Tiger and from James A. Harris to the Gillams on the 8th day of September, 1913, which deeds so approved were executed in November and December, 1912, as aforesaid, the said county court had no power to approve said conveyances, and the approvals were without force and effect, for the reason that on the 2nd day of April, 1913, a guardian of Marchie Tiger had been appointed.

The first proposition is without any merit, and does not demand any extended consideration. The only thing disclosed by the record occurring on the 27th of July, 1908, was the execution by Marchie Tiger of the aforementioned trust deed to Harris; the filing of the petition in the county court praying the county court in the exercise of its authority as a federal agency, under section 9 of the act of Congress of May 27, 1908, as aforesaid, to approve said conveyance. There was nothing in said petition which undertook to invoke the jurisdiction conferred by the statutes of the state to appoint a guardian for an incompetent person, and the court never undertook to exercise any such authority. But the order entered by the court was a mere approval of the trust deed, supra. The act of Congress of May 27, 1908, supra, provided in effect that all restrictions against alienation of inherited land were thereby removed. Section 9, however, limited the

right of full-bloods to alienate, in this language:

"Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid, unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

We perceive no reason that could be assigned, under the phraseology of said act, why a full-blood Indian who inherited land could not make any contract, conveying absolutely or in trust his inheritance, the condition of the said act, to wit, the approval of the proper court, being complied with. It would follow, therefore, the trust deed made to Harris conveyed to him the legal title in said land, and incorporated therein was the condition as aforesaid, authorizing the said trustee to sell and dispose of the same.

But counsel for plaintiff in error plead and contend that the said Harris acquired no title to said property. Declining to in anywise concede this, we will accept it in disposing of this case, and it is therefore unnecessary to further comment upon the interest, rights, and duties of the said Harris touching the property.

We go to the determination of the second contention of plaintiff in error, in the light of his contention that the said Harris acquired no interest in the real estate.

It will not be questioned that the approval of the county court having jurisdiction of the settlement of the estate of the deceased allottees was necessary to make said conveyances to the Gillams effective. On the 12th of March, 1913, the said deeds were presented to the county court of Wagoner county, but were not approved, a representative of the Interior Department protesting because of the insufficiency of the consideration. On the petition filed March 12, 1913, the deeds were again presented to the county court of Wagoner county on the 8th of September, 1913, the consideration then offered being a sum approved by the representative of the Interior Department, and the county court entered the order approving the said conveyances. These deeds, therefore, so approved vested the title in the said grantees. The only doubt of which, however, being due to the fact that on the 2nd day of April, 1913, the county court of Wagoner county, acting under the authority given it by the statutes of the state appointed a guardian of the said Marchie Tiger, as an incompetent. We cannot perceive any good reason why the approval of the deeds in question should

not operate to convey the title of the said Marchie Tiger sought to be conveyed by him by his deeds made long prior to the appointment of the guardian, and no authorities are cited supporting this contention in the plaintiff's brief. The statute of the state authorizing the appointment of a guardian of an incompetent person is for the purpose of having the control of the properties of an incompetent in the hands of one more capable in its administration, to the best interest of the owner thereof.

The object and purpose of secion 9 of the act of May 27, 1908, supra, in requiring the approval of the county court to full-blood conveyances of inherited land, was likewise to safeguard the interest of the full-blood Indian heir. At the time the Gillam deeds were presented for approval, in March, 1913, no guardian of the said Marchie Tiger had been appointed. Had the order been entered by the county court at that time, this phase of the questions injected into this case of course would never have arisen. Any monies or properties arising therefrom would have been taken over and administered by the guardian for the benefit of the incompetent. The approval having been delayed, and an additional consideration paid, which met with the sanction of the representative of the Interior Department, the guardian of the incompetent, and the county court, which resulted in the approval of the conveyances at a later date, to wit, Sepember 8, 1915, does not alter the effectiveness of the order of approval entered on the latter date. The Gillam deeds having been executed before any guardian was appointed, all that remained to convey the title was the approval of the governmental agency, to wit, the county court by virtue of the aforementioned act of Congress.

There is nothing in the state statute which purports to deprive the county court of its power, acting as a governmental agency, to make valid such a conveyance of a full-blood Indian heir, under and by virtue of the authority conferred upon that court by section 9 of the act above mentioned. The appointment of the guardian does not divest the ward of his ownership in the real estate, but the guardian's care and custody thereof is dependent upon the condition of the property, as he finds it.

Marchie Tiger having done all within his power to convey the property prior to the appointment of any guardian, the order appointing the guardian never nullified the deeds made to the Gillams, nor superseded

the power of the county court, as the agency of the government, to make the said deeds effective to fully convey the title by the approval thereof. The order approving the conveyances having been entered, it relates back to and vitalizes the same as of the date when they were executed, there intervening no equities of third parties. Pickering v. Lomax, 145 U. S. 310, 36 L. Ed. 816; Lykins v. McGrath, 184 U. S. 109, 46 L. Ed. 485; Almeda Oil Co. v. Kelly, 35 Okla. 525, 130 Pac. 981.; Scioto Oil Co. et al. v. O'Hern, 67 Okla. 106, 169 Pac. 483.

There was no fraud proven and no allegation or proof that Marchie Tiger was a person wholly without understanding.

The judgment of the lower court quieting the title of the defendants is affirmed.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, NICHOLSON, COCHRAN, BRANSON, HARRISON, and MASON, JJ., concur.